MONTALTO ET AL., APPELLANTS, *v.* YECKLEY ET AL., APPELLEES.

(No. 962—Decided April 23, 1943.)

Messrs. *Levin & Levin* and Messrs. *Provenza &* *Friedman,* for appellants.

Messrs. *O'Toole & Pincura,* for appellee Edgar G. Yeckley and others.

Mr. *G. A. Resek,* for appellee The Lorain Banking Company.

Doyle, J. There has been presented from time to time certain aspects of this case, which was appealed on questions of law and fact from the Court of Common Pleas of Lorain county and which appeal invoked the chancery jurisdiction of this court. Our record of unreported decisions treats of the various questions then presented.

The question for determination in this final hearing on the merits is whether a judgment now owned by the defendant Edgar B. Yeckley should be allowed in satisfaction of the judgment which the plaintiffs, Lorenzo and Carmelina Montalto, hold against the said Edgar B. Yeckley. And if it is found that the judgment may be so set off, that conclusion is dispositive of all remaining questions in the action.

The record discloses that the Montaltos (plaintiffs) have a valid, subsisting judgment against Yeckley (one of the defendants), and that, after the process of the court was invoked for the collection thereof, Yeckley purchased, from a third party, a judgment which said third party had against the Montaltos, and which judgment had been rendered in the same action in which the judgment in favor of the Montaltos and against Yeckley was rendered. Yeckley prays this court that the judgment which he so purchased be allowed in satisfaction of the judgment which the Montaltos have against him; Yeckley's judgment being the larger in amount of the two judgments. In other words, it is

prayed that the one judgment be allowed as an offset against the other.

We determine from the evidence the facts to be that the defendant Yeckley purchased the judgment in good faith, for a valuable consideration, and became and now is the absolute and unconditional owner thereof; that the judgment so purchased is greater in amount than the judgment against him.

The general rule in equity applicable to such an involvement may be tersely stated in the following language: The assignee of a judgment against his judgment creditor, procured by such assignee subsequent to the rendition of the judgment against him, may have such judgment set off against the judgment against him, where a set-off would have been allowed if the judgment had been recovered directly by him against his judgment creditor. The fact that a judgment debtor purchases a judgment for the purpose of using it as a set-off does not prevent it from being so used, if the purchase is *bona fide.* 31 American Jurisprudence, Judgments, Section 905.

On the general subject of set-off, it is held in this state, in equity, that, as between judgments, it is a matter within the sound discretion of the court to which the application for a set-off is made. *Diehl* v. *Friester,* 37 Ohio St., 473; *Barbour* v. *National Exchange Bank,* 50 Ohio St., 90, 33 N. E., 542, 20 L. R. A., 192; 121 A. L. R., 478, annotation.

This court therefore determines that the after-acquired judgment of the defendant Yeckley may be allowed in full satisfaction of the judgment of the plaintiffs Montalto against the said defendant Yeckley; and a final decree for said defendant may be entered, at the costs of plaintiffs.

*Decree accordingly.*

STEVENS, P. J., and WASHBURN, J., concur.